## SUPERIOR COURT OF BALTIMORE CITY.

Filed April 28, 1926.

ANODIAN MANUFACTURING COMPANY
VS.
JOHN W. DARLEY, ALBERTA STACKS DARLEY, BERTIE ROLLER, WILLIAM PEARSON.

*Paul R. Kach* for plaintiff.

*T. Lyde Mason, Jr.*, for John W. Darley, Alberta Stacks Darley and Bertie Roller, defendants.

BOND, J.—

This is a case in which it seems to me that an injustice is done as between the plaintiff and the defendants, Mr. and Mrs. Darley, no matter how the case is decided. The person who according to my conclusion on the evidence was really responsible for this bill is Pearson.

Now, the testimony, giving all the witnesses the benefit of sincerity and honesty in their testimony, the testimony of the defendants Darley is very much clearer and more specific than that of the plaintiff as to exactly what happened when these articles were purchased. It seems to me that the fair conclusion from the evidence is that the agent of Pearson ordered these articles to be delivered to these people for installation in that house, and that they simply went up there and picked them out. If the plaintiff had been an absolute outsider who had no special connection with the agent who sold this house and who called them up, the evidence would not be so strong against him, but in view of the fact that these people were sent up there, and according to his testimony they were sent up there by the agent of Pearson, and according to the testimony of both Mr. and Mrs. Darley he was told over the telephone that they were sent there merely to select the articles. Now, I realize that the agent did not agree with that testimony, but their testimony is positive, and it is in evidence in the case, without objection, that the agreement for the sale of this property specifically provided for an allowance to these parties of a fund to be applied toward the purchase of the fixtures. The money was not paid to them. The evidence is that the total purchase price was paid over to the vendor of the property, and the agent of the vendor sent these people up to make selection of fixtures up to $125. I think what they did was simply carrying out the instructions of the agent for the vendor of the property. It seems to me that the great preponderance of the evidence in the case is that Mr. and Mrs. Darley simply went there and selected the fixtures, and that the agent of Mr. Pearson made it clear to the plaintiff that they were coming there to select fixtures which he was to pay for. I think it is perfectly natural that a man running a business may have gotten confused in the matter. In the great volume of transactions it is impossible for him of course to remember all of the conversations; but I think the recollection of the purchasers, persons who did that kind of thing only once in a while, is much more reliable than that of the keeper of a shop who tries to recall what happened when a particular article was purchased.

I think that both Pearson and his agent are responsible for this bill. Therefore, I will return a verdict for the plaintiff as against William P. Pearson for the amount of the bill, $125. and a verdict for the defendants John W. Darley, Alberta Stacks Darley and Bertie Roller.